# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD D. HILL, | ) |
|         Plaintiff, | ) |
| vs. | )   Case No. CIV-08-1348-M |
| GREEN BAY PACKAGING INC., | ) |
|         Defendant. | ) |

## **ORDER**

This case is scheduled for trial on the Court's April 2010 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed February 8, 2010. On March 8, 2010, plaintiff filed his response, and on March 18, 2010, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

This action arises out of plaintiff's employment with, and termination from, defendant. Defendant is a diversified paperboard packaging manufacturer with a manufacturing facility located in Chickasha, Oklahoma. At all times relevant hereto, Jory L. Gromer ("Gromer") was the General Manager at the Chickasha facility. Plaintiff began working at the Chickasha facility in August 1997. Plaintiff began as a Forklift Operator, advanced to a Truck Driver position in April 1999, and became the Quality Coordinator in February 2000.

Plaintiff's wife, Linda Hill ("Linda"), also worked for defendant, principally as a Customer Service Representative. On March 18, 2004, Linda made a complaint to Gromer and Nelson Burris ("Burris"), the Production Manager and second in command, that her direct supervisor was sexually harassing her. Gromer interviewed plaintiff about Linda's complaints. The direct supervisor was allegedly suspended for six months after an investigation. On July 23, 2004, Gromer, along with

Burris, called a meeting with plaintiff and Linda to discuss the tension that had been created in the workplace. In August 2004, Linda was demoted to a receptionist position, with a cut in pay, and her employment ultimately ended on or about August 30, 2004. After Linda's employment ended, plaintiff told Gromer and Burris that he thought it was wrong that Linda was demoted. At or about the same time, Linda filed an EEOC Charge of Discrimination and later filed a sexual harassment and retaliation suit on May 17, 2005. Linda's lawsuit was resolved on or about October 16, 2006.

Plaintiff alleges that he was more closely monitored following his involvement in Linda's complaint. He states that his office was moved; he was no longer given access to others' offices; he was required to complete time sheets, tracking his comings and goings; he was forced to work 8:00 a.m. to 5:00 p.m. several days a week, rather than 7:30 a.m. to 3:30 p.m., as he had previously; and his hours were unjustly scrutinized. Additionally, plaintiff alleges that Burris began excluding plaintiff from company events after he learned that defendant paid Linda to settle her claims.

In April 2007, Gromer told plaintiff he was realigning his Quality Coordinator duties. Thereafter, plaintiff was off from work on medical leave from June 29 to August 9, 2007. When he returned to work, he was temporarily reassigned to assist in customer service until Gromer could hire and train an additional customer service representative.

On August 17, 2007, Gromer terminated plaintiff. At the time of plaintiff's termination, he was 47 years old. Gromer has stated that he made the decision to terminate plaintiff after reviewing a series of e-mails authored by plaintiff wherein plaintiff stated that he hated his job, was updating his resume, and was actively searching for other jobs. Gromer has also stated that based upon the emails, he concluded plaintiff was no longer loyal to defendant and terminated plaintiff for this reason.

On December 11, 2008, plaintiff filed the instant action, alleging (1) discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA") and a corresponding state-based, public-policy wrongful termination claim; (2) retaliation under Title VII of the Civil Rights Act of 1964, as amended; and (c) state law negligence claims. Defendant now moves for summary judgment as to all of plaintiff's claims.

II.   Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   Discussion

   A.   Age discrimination claims

Pursuant to the ADEA, it is unlawful for an employer to discriminate against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).   The United States Supreme Court recently held:

> a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action. The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.

*Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2352 (2009).

When assessing the burden of proof in ADEA claims, the United States Court of Appeals for the Tenth Circuit has consistently applied the *McDonnell Douglas*[1] burden-shifting analysis applicable to Title VII claims. *See, e.g., Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1114-15 (10th Cir. 2007).[2] According to that analysis, plaintiff has the burden of establishing a prima facie case of employment discrimination based on his age; if he does so, defendant must articulate a legitimate, non-discriminatory reason for its actions and, if it does so, plaintiff then has the burden

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[2] In *Gross*, the Supreme Court did not discuss the effect of its holding on the *McDonnell Douglas* burden-shifting analysis in an ADEA case, but observed in a footnote that it "has not definitely decided whether the evidentiary framework of *McDonnell Douglas* . . . utilized in Title VII cases is appropriate in the ADEA context." 129 S. Ct. at 2349 n.2. Further, the Tenth Circuit has not yet considered whether *McDonnell Douglas* continues to be applicable in ADEA cases. For purposes of the instant case, the Court will assume that it is still appropriate to use the *McDonnell Douglas* burden-shifting analysis. The Court would note, however, that because the Court has found that defendant is entitled to summary judgment under the more lenient *McDonnell Douglas* analysis, the result would not change if a simple "but-for" analysis was used.

4

of proving that such reason was a mere pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 802-04. Once a non-discriminatory reason has been advanced, to avoid summary judgment at this stage plaintiff must offer evidence sufficient to create a genuine issue of material fact with regard to whether the articulated reason for the adverse employment decision is pretextual; unsupported conclusory allegations are insufficient, as the facts must be supported by affidavits, deposition transcripts, or specific exhibits incorporated therein. *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 530 (10th Cir. 1994).

In its motion, defendant assumes that plaintiff has made a prima facie case. Defendant further has set forth a legitimate, non-discriminatory reason for terminating plaintiff's employment – Gromer terminated plaintiff because, following his review of a series of e-mails authored by plaintiff immediately before his termination, he concluded plaintiff was seeking employment elsewhere, was not happy with his job, and was no longer loyal to defendant. Consequently, to avoid summary judgment, plaintiff must show that defendant's articulated reason is pretextual.

To establish pretext, plaintiff need only show "that the tendered reason for the employment decision was not the genuine motivating reason, but rather was a disingenuous or sham reason." *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1129 (10th Cir. 1998). Further, when a "plaintiff [ ] attempts to show pretext . . . with evidence that she was treated differently from other similarly situated employees", this evidence must be assessed "by adding up the differences and similarities in light of all the evidence of pretext to determine whether a plaintiff has created a fact issue on the matter of pretext." *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1137 (10th Cir. 2002). Finally, the "relevant inquiry is not whether [the employer's] proffered reasons were wise, fair or

correct, but whether [the employer] honestly believed those reasons and acted in good faith upon those beliefs." *Stover v. Martinez*, 382 F.3d 1064, 1076 (10th Cir. 2004).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that plaintiff has not submitted sufficient evidence to create a genuine issue as to whether defendant's explanation is pretextual. While plaintiff has submitted evidence that he is the only employee Gromer has fired for this reason, plaintiff has not submitted any evidence that Gromer has been aware of other employees, and particularly management level employees, who were actively looking for other employment and Gromer has not fired them. In fact, the evidence shows that plaintiff is the first management level employee that defendant has been aware of their seeking other employment. While plaintiff does present some testimony that some non-management employees have talked about going back to school and changing careers and that defendant has been aware of this and has not fired them, the Court finds that these situations are so dissimilar to the instant situation as not to provide any support for a finding of pretext. Plaintiff has also presented testimony that nearly all of the employees have not been 100% satisfied with their job at one time or another. It is unclear whether defendant was aware of this less than 100% satisfaction; however, none of these employees testified that they ever actively sought other employment while with defendant. Additionally, the evidence is undisputed that loyalty, particularly loyalty of management, is of the upmost importance to Gromer. Finally, having reviewed all of the evidence submitted, the Court finds that while a jury might conclude that defendant's reason for terminating plaintiff was not wise, fair, or correct, no reasonable jury, based upon the evidence submitted, could conclude that defendant's reason was pretextual.

Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiff's age discrimination claims.

B. Retaliation claim

To establish a prima facie case of retaliation, plaintiff must show that (1) he engaged in protected opposition to discrimination; (2) he was subject to adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000). "Once a plaintiff establishes a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse action." *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 986 (10th Cir. 1996). If the defendant sets forth a legitimate, nondiscriminatory reason, the plaintiff must then establish that the reason is merely a pretext for retaliation. *Id.* at 986.

Even assuming that plaintiff can establish a prima facie case of retaliation, as set forth above, the Court finds that plaintiff has not set forth sufficient evidence to create a genuine issue as to whether defendant's legitimate, nondiscriminatory reason is merely a pretext for retaliation. Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiff's retaliation claim.

C. State law negligence claims

As the age discrimination and retaliation claims are no longer before the Court, and they were the sole basis for this Court's original jurisdiction, the Court declines to exercise jurisdiction of the remaining state law negligence claims and dismisses them without prejudice pursuant to 28 U.S.C. § 1367(c).

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS defendant's Motion for Summary Judgment [docket no. 27] as to plaintiff's age discrimination claims and retaliation claims and DECLINES to entertain jurisdiction over plaintiff's state law negligence claims and dismisses them without prejudice pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED this 31st day of March, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE